IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ALBERT ORTIZ, <br> Plaintiff, <br><br> v. <br><br> FRED LOMBARDO; NATIONAL CITY HOME LOAN SERVICES, INC. DBA FIRST FRANKLIN LOAN SERVICES; NATIONAL CITY BANK OF INDIANA; KEYSTONE ASSET MANAGEMENT, INC., and RICHARD HOWELL DBA ALEXANDER HUNTER PROPERTIES AKA ALEXANDER HUNTER PROPERTIES, INC., <br> Defendants | § § § § § § § § § § § § § § § § § | CASE NO. 4:09-cv-02033 <br><br> JURY |

## DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

TO THE HONORABLE UNITED STATES JUDGE:

COME NOW, Defendants, Fred Lombardo, Home Loan Services, Inc., National City Bank of Indiana, and Keystone Asset Management, Inc., and file this Motion To Disqualify Plaintiff's Counsel.

I.

TABLE OF CONTENTS

| | |
|---|---|
| Table of Contents | 1 |
| Statement of the Case | 2 |
| Statement of the Issues | 2 |
| Summary of the Argument | 2 |
| Factual Background | 3 |
| Defendants' Motion to Disqualify Plaintiffs' Counsel | 6 |
| Prayer for Relief | 11 |
| Certificate of Service | 12 |

## II.

### STATEMENT OF THE CASE

1.     Plaintiff has brought this suit asserting, among other things, wrongful foreclosure and violations of the Texas Deceptive Trade Practices Act, and is seeking damages in an amount not less than $50,000,000.00. This case was originally filed in the 164th Judicial District Court of Harris County, Texas. Defendants timely removed the case to this Honorable Court based on federal question jurisdiction. There is currently no trial setting in this case and discovery is ongoing due to delays caused by Plaintiff.

## III.

### STATEMENT OF THE ISSUES

2.     The issue presented in this Motion to Disqualify Counsel, which is the third Motion to Disqualify Counsel filed by Defendants with regard to Michael Donovan, is whether Plaintiff's counsel, Michael Donovan, is disqualified from representing Plaintiff in this matter when he is a fact witness in this case as a result of Donovan fraudulently and improperly contacting an opposing party to obtain a purported release of liability when the opposing party was represented by counsel in pending litigation between the parties.

## IV.

### SUMMARY OF THE ARGUMENT

3.     Donovan violated Rule 4.02(a) of the Texas Rules of Professional Conduct and committed fraud by directly contacting representatives of Defendant, Home Loan Services with regard to the foreclosure proceedings at issue when he knew that Home Loan Services was represented by its foreclosure attorneys at the time. Additionally, Donovan fraudulently concealed the fact that he represented Plaintiff in a pending lawsuit **against** Home Loan Services while negotiating the purported release of liability.

2

4. Donovan was previously instructed by the Judge of the 164th Judicial District Court of Harris County, Texas to withdraw from this matter. To date, Donovan has wholly failed to do so.

5. For the foregoing reasons, Plaintiff's Counsel, Michael Donovan, should be disqualified as counsel in this matter.

## V.

### FACTUAL BACKGROUND

6. Plaintiff sued Defendants for a variety of causes of action arising out of an alleged wrongful foreclosure sale.

7. Plaintiff's counsel, Michael Donovan, is an essential fact witness that Defendants intend to call at trial and, as such, should be disqualified as counsel.

8. Specifically, On January 11, 2006, Donovan contacted the law firm of Barrett Burke, Wilson Castle Daffin & Frappier, L.L.P., n/k/a Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Burke"), who represented National City Home Loan Services, Inc., ("Home Loan Services") and National City Bank of Indiana, ("National City"), regarding the foreclosure proceedings at issue in this lawsuit. Donovan conducted negotiations with Barrett Burke in an effort to stop the foreclosure proceedings. Barrett Burke eventually posted the Property for foreclosure and send notices thereof, including one to Donovan. *See* Exhibit "A,"[1] Business Records Affidavit of Phil Tinsely and documents attached thereto.

---

[1] Exhibit "A" includes the following correspondence:
  Ex. A-1  January 11, 2006 Letter from Michael Donovan to Barrett Burke.
  Ex. A-2  January 13, 2006 letter from Barrett Burke to Michael Donovan transmitting copies of the default letter, notice of acceleration, notice of substitute trustee sale, and a payoff quote.
  Ex. A-3  January 20, 2006 letter from Barrett Burke to Michael Donovan regarding a reinstatement quote.
  Ex. A-4  February 6, 2006 letter from Barrett Burke to Michael Donovan regarding file being placed on hold.
  Ex. A-5  May 9, 2006 Notices of Sale sent by Barrett Burke on behalf of Home Loan Services to Albert Ortiz, individually and through his attorney, Michael Donovan.
  Ex. A-6  June 6, 2006 facsimile from Michael Donovan to Barrett Burke transmitting copy of Original Petition.

3

9. On or about June 6, 2006, Plaintiff, then represented by Donovan, filed a lawsuit against National City and Home Loan Services in an apparent effort to stop the foreclosure sale at issue, Cause No. 2006-35252, *Albert Ortiz v. National City Home Loan Services, Inc., dba First Franklin Loan Services and National City Bank of Indiana*; in the 295th Judicial District Court of Harris County, Texas.

10. Defendants request that this Honorable Court to take Judicial Notice of the filing and Donovan's appearance as counsel for Plaintiff. The foreclosure sale at issue took place on June 6, 2006.

11. In the month following the foreclosure, Donovan contacted Barrett Burke on at least two occasions with regard to the foreclosure to obtain a copy of the Substitute Trustee's Deed. During this same time Donovan also directly contacted Home Loan Services (which he knew was represented by counsel, Barrett Burke) in an attempt to have Home Loan Services release Plaintiff from any deficiency remaining after the foreclosure sale. *See* Exhibit "B,"[2] and documents attached thereto. This direct contact with Home Loan Services, initiated by Donovan, occurred while Donovan was representing Plaintiff in a lawsuit (Cause No. 2006-35252) against Home Loan Services and National City. Additionally, Donovan knew at this time that Defendants were represented by the law firm of Barrett Burke. Despite this knowledge, Donovan fraudulently concealed and failed to reveal the existence of the suit to Home Loan Services or to National City. This conduct violates Tex. R. Prof. Conduct, Rule 4.02(a).

12. Plaintiff, *pro se*, filed another lawsuit on or about September 28, 2006, Cause No. 2006-61178; *Albert Ortiz vs. Fred Lombardo; National City Home Loan Services, Inc., National City*

---

[2] Exhibit "B" includes the following documents:
    Ex. B-1 June 23, 2006 "Letter Agreement" drafted by Michael Donovan and sent to Home Loan Services.
    Ex. B-2 July 5, 2006 "Letter Agreement Amendment" drafted by Michael Donovan adding National City as party.
    Ex. B-3 Home Loan Services Phone Log, 03/29/2004 – 12/29/2006.

*Bank of Indiana, Keystone Asset Management, Inc., and Richard Howell*; In the 164th Judicial District Court of Harris County, Texas. This lawsuit was filed while the first lawsuit was still pending. Donovan filed a Notice of Non-Suit in the first lawsuit the following day; the Order of Non-Suit was signed on November 11, 2006. Mr. Donovan subsequently enrolled as counsel in this suit.

13. Donovan was counsel for Plaintiff prior to and after the foreclosure. In that capacity, Donovan improperly contacted one or more Defendants and their attorneys by telephone, and Donovan drafted and received numerous pieces of correspondence, many of which involve the causes of action being asserted herein. *See* Exhibits "A" and "C." During all relevant times herein, Donovan knew that Home Loan Services and National City were represented by attorneys, specifically, the law firm of Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., having had direct correspondence with one or more attorneys at Barrett Burke. *See* Exhibit "A;" *see also* Timeline of Mr. Donovan's contacts, attached hereto as Exhibit "C."

14. Since Donovan knew that Home Loan Services and National City were represented by counsel with regard the foreclosure sale at issue, he violated the State Bar Rules of Professional Conduct with regard to contacting a party who is represented by an attorney. *See* Tex. R. Prof. Conduct, Rule 4.02(a). Donovan committed fraud by omission by not advising Home Loan Services that (a) he was opposing counsel in pending litigation against Home Loan Services, and (b) since Donovan knew Home Loan Services was represented by counsel at the time of the improper communications.

15. On June 16, 2008, Defendants filed a Motion to Disqualify Donovan in the 164th Judicial District Court of Harris County, Texas based on the factual assertions set forth above.

16. On August 13, 2008, before a ruling was rendered by the 164th Judicial District Court of Harris County, Texas on Defendants' Motion to Disqualify, Plaintiff's filed a Notice of Appearance of Additional Counsel and Designation of Lead Counsel in which Alistair Dawson and the law firm of Beck, Redden & Secrest, L.L.P. were designated as counsel of record in place of Donavon. Donavon, however, did not withdraw from the case and the 164th Judicial District Court of Harris County, Texas did not rule on Defendants' Motion to Disqualify.

17. Subsequently, on January 15, 2009, Plaintiff filed his Unopposed Motion to Substitute Counsel and for Withdrawal of Beck, Redden, & Secrest, L.L.P. As a result, Alistar Dawson and the firm of Beck, Redden & Secrest, L.L.P. withdrew from representing Plaintiff and Donovon substituted in as Plaintiff's attorney of record.

18. On February 27, 2009, Defendants filed an Amended Motion to Disqualify Counsel and scheduled it for an oral hearing before the 164th Judicial District Court of Harris County, Texas on April 17, 2009.

19. Judge Smoots – Hogan instructed Donovan to withdraw from this matter in open court on April 17, 2009 due to the issues described herein. Donovan, however, is direct contravention of Judge Smoots – Hogan's directive, continued to represent Plaintiff.

20. Judge Smoots – Hogan then granted Plaintiff's Motion to Substitute Gary Michael Block as his attorney-in-charge. Donovan, however, did not withdraw and continued to represent Plaintiff.

21. On July 6, 2009, Plaintiff filed a Notice of Attorney in Charge in this case designating Donovan as the attorney-in-charge.

6

## VI.

### DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

22. Michael Donovan is a fact witness due to his extensive involvement with negotiations, letter agreements, and fraudulent conduct prior to and following the foreclosure of real property at issue in this cause.

23. Defendants intend to call Donovan as a fact witness at the trial of this case. It is necessary to call Donovan as a fact witness at trial in order to establish essential facts, including his fraudulent conduct. *In re Sanders*, 153 S.W.3d 54 (Tex.2004). A trial attorney who is likely to testify about fact issues other than uncontested fact issues or attorney's fees should be disqualified. ABA Model Rules of Prof. Conduct, Rule 3.7(a); *see International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1272 – 73 (4th Cir. 1981).The rationale behind this prohibition is to eliminate (1) the possibility that in addressing the jury the attorney will appear to vouch for his own credibility, (2) the unfair situation that arises when an opposing attorney has to cross-examine an attorney-adversary and seek to impeach his credibility, and (3) the appearance of impropriety, i.e., the likely implication that the testifying attorney may well be distorting the truth for the sake of his client. *Culbras Enters. Corp. v. Rivera – Rios*, 846 F.2d 94, 99 (1st Cir. 1988).

24. Most important in this case, an attorney and his law firm should be disqualified if there is a reasonable possibility that the attorney has engaged in some specifically identifiable impropriety and the likelihood of public suspicion of such impropriety is strong enough to outweigh the party's interest in having the counsel of his choice. *Cox v. American Cast Iron Pipe Co.*, 847 F.2d 725, 731 (11th Cir. 1988); *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1265 (5th Cir. 1983). Proof of actual wrongdoing is not required, but rather, the movant

7

must only show a reasonable possibility that some impropriety occurred. *Turner v. Orr,* 785 F.2d 1498, 1505 (11th Cir. 1986); *McCuin,* 714 F.2d at 1265.

25.     Defendants allege that one of the letter agreements drafted and signed by Donovan on behalf of Plaintiff constitutes a ratification of the foreclosure sale. Plaintiff claims that the "agreement" discharges him from any obligations to Home Loan Services or to National City. Donovan has intimate knowledge of negotiations between Plaintiff and Defendants prior to and after the foreclosure sale, as Donovan was Plaintiff's attorney and conducted many of the negotiations himself. Consequently, Donovan is an essential fact witness.

26.     The Texas Disciplinary Rules of Professional Conduct, "establish the 'minimum standards of conduct below which no lawyer can fall without being subject to disciplinary action.'" *See Anderson Producing, Inc. v. Koch Oil Company*, 929 S.W.2d 416, 421 (Tex.1996, reh. overruled); *See also Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex.1990); Tex. Disciplinary R. Prof. Conduct preamble.

27.     Rule 3.08 of the Texas Disciplinary Rule of Professional Conduct governs the general prohibition against an attorney serving the simultaneous roles of advocate and witness. Rule 3.08(a) states that "a lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client." The comments that accompany Rule 3.08 note that the primary concern in permitting a lawyer to also act as a witness "is the possible confusion that those dual roles could create for the finder of fact....A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." *See* Tex. R. Prof. Conduct 3.08, comment 4.

28. Where it is appropriate for a lawyer to serve as a witness, such a dual role can yield conflicts: "If...the lawyer's testimony concerns a controversial or contested matter, combining the roles of advocate and witness can unfairly prejudice the opposing party." *Id*. The Comments to Rule 3.08 define the Rule's two principal disciplinary purposes: "the first is to insure that a client's case is not compromised by being represented by a lawyer who could be a more effective witness for the client by not also serving as an advocate. *See* paragraph (a). The second is to insure that a client is not burdened by counsel who may have to offer testimony that is substantially adverse to the client's cause. *See* paragraph (b), Tex. R. Prof. Conduct 3.08, comment 9.

29. The comments accompanying Rule 3.08 further assert that "a lawyer should not seek to disqualify an opposing lawyer under this Rule merely because the opposing lawyer's dual roles may involve an improper conflict of interest with respect to the opposing lawyer's client, for that is a matter to be resolved between lawyer and client or in a subsequent disciplinary proceeding." Tex. R. Prof. Conduct 3.08, comment 10. Defendants do not seek to disqualify Plaintiff's counsel on account of the impact of his testimony on the Defendants' case. However, the same comment to Rule 3.08 states that the Rule "may furnish some guidance in those procedural disqualification disputes where the party seeking disqualification can demonstrate actual prejudice to itself resulting from the lawyer's service in the dual roles." *Id. See also In re Sanders*, 153 S.W.3d 54 (Tex.2004).

30. Although Rule 3.08 was promulgated as a disciplinary standard, rather than a procedural disqualification standard, the application of the rule is appropriate to a procedural disqualification determination. *See Anderson Producing*, 929 S.W.2d at *Id.*

31. Rule 3.08 is grounded principally on the belief that the finder of fact may become confused when one person acts as both advocate and witness. *See Anderson Producing*, 929

S.W.2d at 422. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. *Id.* It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof. *Id.* The Rule reflects the concern that an opposing party may be handicapped in challenging the credibility of a testifying attorney. *Id.*

32. Rule 3.08 does not prohibit the lawyer who may or will be a witness from participating in the preparation of a matter for presentation to a tribunal. *Id.* To minimize the possibility of unfair prejudice to an opposing party, however, the Rule prohibits any testifying lawyer who could not serve as an advocate from taking an active role before the tribunal in the presentation of the matter. *Id.* This prohibition applies to ancillary proceedings, such as summary judgment hearings, as well as trials. *See Aghili v. Banks*, 63 S.W.3d 812, 818 (Tex.App.—Houston [14th Dist.] 2001, reh. overruled 2002).

33. Accordingly, due to the fact that Donovan, has personal, and perhaps, exclusive knowledge of the events and circumstances that form the basis of the current dispute and that, should this matter reach trial, Plaintiff's counsel will be called to testify as a witness to the facts surrounding the purported release of liability, both he and his firm are disqualified under Rule 3.08 from representing Plaintiff in any pending and/or contemplated proceedings in this cause.

34. Additionally, Donovan violated Rule 4.02(a) of the Texas Rules of Professional Conduct by directly contacting representatives of Home Loan Services with regard to the foreclosure proceedings at issue when he knew that the company was represented by counsel. Furthermore, Donovan violated Rule 4.02(a) of the Texas Rules of Professional Conduct by fraudulently concealing that he continued to represent Plaintiff in a lawsuit **against** Home Loan Services – a clear violation of Rule 4.02(a). Rule 4.02(a) states as follows:

> In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person,

organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

*See* Tex. R. Prof. Conduct, Rule 4.02(a).

35. Donovan did not have the consent of Barrett Burke to communicate directly with its clients regarding the foreclosure proceedings at issue. Donovan fraudulently concealed that a suit was pending by Plaintiff against Home Loan Services while he negotiated a purported release of liability for Plaintiff. Therefore, Donovan violated the Texas Rules of Professional Conduct. This constitutes an impropriety that disqualifies Donovan as counsel.

36. For the foregoing reasons, Plaintiff's Counsel, Michael Donovan, should be disqualified as counsel in this matter.

## VII.

### PRAYER FOR RELIEF

WHEREFORE, Defendants, Fred Lombardo, Home Loan Services, Inc., National City Bank of Indiana, and Keystone Asset Management, Inc., respectfully request that this Court grant their Motion to Disqualify Plaintiff's Counsel, and for such other relief to which they may be entitled.

**{Signature on next page}**

LEYH & PAYNE, L.L.P.

By: _____
Steven A. Leyh
Texas Bar No. 12318300
Sean Michael Reagan
Texas Bar No. 24046689
9545 Katy Freeway, Ste. 200
Houston, Texas 77024
Telephone (713) 785-0881
Facsimile: (713) 784-0338

**ATTORNEY FOR DEFENDANTS, FRED LOMBARDO; KEYSTONE ASSET MANAGEMENT INC.; NATIONAL CITY HOME LOAN SERVICES, INC.; and NATIONAL CITY BANK OF INDIANA**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record via hand delivery and/or certified mail/return receipt requested and/or facsimile on this 24th day of July 2009, as follows:

Michael Donovan
701 N. Post Oak Road, Suite 615
Houston, Texas 77024

*Via facsimile*

_____
Steven A. Leyh
Sean Michael Reagan

12