UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-2033 |
| | § | |
| NATIONAL CITY HOME LOAN | § | |
| SERVICES INC; dba FIRST FRANKLIN | § | |
| LOAN SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the Court is the plaintiff, Albert Oritz's, motion to remand this case (Doc. # 6), the plaintiff's supplement to his motion (Doc. # 10), the defendants, Fred Lombardo, Home Loan Services, Inc., National City Bank of Indiana, and Keystone Asset Management, Inc.'s, response to the plaintiff's motion to remand (Doc. #15), and the plaintiff's reply to the defendants' response. The Court has reviewed the documents and arguments of counsel and determines that the motion to remand should be granted.

**II.**

In 2006, the plaintiff brought suit against the defendants in state court asserting unfair debt collection, violation of the Texas Deceptive Trade Practices - Consumer Protection ACT ("DTPA"), slander of credit and for wrongful foreclosure. The underlying facts reveal that the plaintiff executed a Promissory Note and Deed of Trust on March 15, 2004, in the amount of $472,000 on an improved property located in Houston, Texas. The Note and Deed of Trust were subsequently transferred to National City Bank of Indiana. Although National City Bank owned the Note, Home Loan

Services, Inc. ("HLS"), serviced the Note - receiving payments and insuring that the terms of the Note were kept by the plaintiff.

On several occasions after the loan closed, the plaintiff was declared to be in default because the monthly payment amounts were not, according to HLS, insufficient to cover the plaintiff's Note obligations. HLS claimed that, because the plaintiff had not obtained appropriate insurance on the property it was necessary for it, HLS, to obtain the needed coverage. To obtain this coverage, HLS deducted a portion of the monthly mortgage payment, before applying it to principal and interest, thereby resulting in a shortage in the Note obligation. HLS declared the Note in default on one or more occasions. However, the plaintiff and HLS resolved their differences. Nevertheless, the pattern continued and the property was eventually posted for foreclosure on June 6, 2006. On June 6, HLS foreclosed on the property and the plaintiff's suit followed.

### III.

The plaintiff contends that HLS damaged his credit by wrongfully reporting to credit agencies that the plaintiff was delinquent in his mortgage payments when in fact he was not. Lombardo, who was employed by HLS, agreed to correct or withdraw its reports to the credit agencies. The plaintiff asserts that, although Lombardo represented that he would, he did not. Therefore, he made false representations to collect the debt in violation of the Texas DTPA. The same conduct, on the part of Lombardo, gives rise to the remaining allegations against him.

The plaintiff also contends that the Court lacks federal question jurisdiction over this case because he has not pled a claim under the Fair Credit Reporting Act ("FCRA"). In addition, the plaintiff asserts that the FCRA does not completely preempt his claims


because no FCRA claim is alleged. Even if the plaintiff's pleading could be construed as a federal claim under 15 U.S.C. § 1681s-2(a), the plaintiff asserts that there is no private right of action under the statute. Hence, the plaintiff reiterates that his suit is for breach of promise by Lombardo to "fix" his credit report by having negative reports removed.

The defendant caused the case to be removed on or about June 27, 2009, after the plaintiff's last amended petition on August 24, 2007. The defendants stated basis for removal rests in 15 U.S.C. §§ 1681h(e) and (t). The defendants contend that § 1681s-2(b) allows a consumer to bring a private cause of action against a furnisher of credit information. In this regard, the defendants infer that the defendants are "furnishers" of credit information. Hence, the plaintiff's state law causes of action are preempted by federal law.

The defendants assert that the plaintiff's suit, which asserts only state law causes of action, is totally preempted by the FCRA. *See* 15 U.S.C. 1681t(b)(1)(F). Hence, the plaintiff's suit gives rise to federal question jurisdiction, removal was proper and remand would be improper.

**IV.**

In determining whether federal jurisdiction arises in a complaint, federal courts must be mindful of the sensitive nature of state and federal government relationships. Courts must examine whether Congress intended that there exist a federal claim - a private right of action by the federal statute. *See Merrill Dow Pharms., Inc., v. Thompson*, 478 U.S. 804 (1986). Assuming that Congress has completely preempted the area, as it did with ERISA for example, a claim that implicates the statute is removable. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

In determining whether Congress has preempted state law in an area and thereby permits removal to a federal court, a federal statutory scheme must provide:  (a) a civil enforcement provision that creates a federal cause of action replacing and protecting the same interests as the preempted state law causes of action; (b) a specific jurisdictional grant to the federal courts to enforce the cause of action created by the federal statute; and, (c) a clear Congressional intent to make the preempted state law claims removable to federal court.  *See Aaron v. Nat'l Union Fire Ins. Co*, 876 F.2d 1157, 1164 - 65 (5th Cir. 1989).  Section 1681t(b)(1)(F) provides that:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to. . . or use of any information on consumers, . . . except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.
>
> (b)  No requirement or prohibition may be imposed under the laws of any State—
>
> (1)   with respect to any subject matter regulated under—
>
> . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, . . .

## V.

The defendant asserts that this provision of the statute preempts state law and thereby permits removal of this case to federal court.  To read this statute in this manner overlooks the predicatory language in this section that precedes subsection (b)(1)(F).  The statute specifically states that it does not preempt state law causes of action except in areas where state law conflicts with the purposes of the federal statute.  Even if

subsection (b)(1)(F) were to be interpreted as preemptive, the preemption is merely an affirmative defense, which defense does not authorize removal. *See*, *e.g.*, *Metropolitan*, 481 U.S. at 63.

Nothing in the language of the statute reflect a clear intent on the part of Congress to make even preempted claims removable where a plaintiff chooses state court, refusing to plead a federal cause of action. Hence, a plaintiff cannot be forced to amend his complaint to do so. *Aaron*, 876 F.2d at 1161. In the case at bar, the plaintiff's pleadings state only causes of action for violations of state statutory and common law. At no time has the plaintiff sought or claimed relief based on a federal statute. Nor does the relief sought by the plaintiff in his state law claims require the resolution of a substantial question of federal law. 876 F.2d at 1162; *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983). The plaintiff seeks to establish liability based on a breach of contract, oral and/or written by Lombardo. *See Aaron*, 876 F.2d at 1164-65. Assuming that any state law claim is preempted, it is, nevertheless, not a basis for removal. It is simply an affirmative defense. Hence, the third element of the defendant's burden of persuasion for complete preemption is not satisfied. *See also Sweeker v. Trans Union Corp.,* 31 F. Supp. 2d 536, 539 (E.D. Va. 1998); and *Wells v. Shelter Gen. Ins. Co.,* 217 F. Supp. 2d 744 (2002).

Therefore, the Court holds that complete preemption has not been established by the defendant. Moreover, the artful pleading doctrine has not been implicated, thereby giving rise to a basis for removal pursuant to 28 U.S.C. § 1331.

It is Ordered that this case be and it is HEREBY REMANDED to the 164th Judicial District of Harris County, Texas pursuant to 28 U.S.C. § 1447(c).

SIGNED at Houston, Texas this 29th day of September, 2009.

                                                Kenneth M. Hoyt
                                                United States District Judge